UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY, | |
| Plaintiff, | |
| vs. | Case No.: 22-CV-10600 |
| ATHLETIKA SPORTS AND FITNESS, LLC, MATTHEW HAZZARD, BOAZ CHEBOIYWO, MICHAEL KNIGHT, as Personal Representative of the ESTATE OF CHRISTEN KNIGHT, deceased, and MICHAEL KNIGHT, individually and as Next Friend to CK and VK, minor children, ENCORE SERVICE GROUP, LLC, AND STATIA HAMILTON, individually and as Next Friend to JH, KH, MH, and SC, minor children, | Honorable Linda V. Parker |
| Defendants. | |

Jason R. Fathallah (P70434)
Attorney for Plaintiff
HUSCH BLACKWELL LLP
511 North Broadway, Suite 1100
Milwaukee, WI  53202
Phone:  (414) 273-2100
Facsimile: (414) 223-5000
Email: jason.fathallah@huschblackwell.com

---

## **COMPLAINT FOR DECLARATORY JUDGMENT**

There are four civil actions involving some or all of these
parties and arising out of the same transaction or

occurrence as alleged in this Complaint. Two civil actions have been filed in the Wayne County Circuit Court: Case Number 21-008151-CZ, entitled *Meemic Insurance Company v. Encore Service Group, LLC*, and Case Number 21-012955-CK, entitled *National Indemnity Company v. Encore Service Group, LLC*, both assigned to Judge Qiana D. Lillard. Two civil actions have been filed in the Washtenaw County Circuit Court: Case Number 21-000407-NI, entitled *Hamilton, et al. v. Encore Service Group, LLC* and assigned to Judge Archie C. Brown, and Case Number 21-000845-NI, entitled *Knight, et al. vs. Encore Service Group, LLC* and assigned to Judge Timothy P. Connors. All actions remain pending.

NOW COMES Plaintiff West Bend Mutual Insurance Company ("West Bend"), by and through its attorneys, Husch Blackwell LLP, and for its Complaint for Declaratory Judgment states as follows:

## <u>NATURE OF ACTION</u>

1.      This is an action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201. West Bend seeks a declaration that (1) the policy of insurance West Bend issued to Defendant Athletika Sports and Fitness, LLC ("Athletika") does not provide coverage to Defendants Athletika, Matthew Hazzard ("Hazzard"), or Boaz Cheboiywo ("Cheboiywo") for the claims asserted in four related matters pending in Washtenaw and Wayne counties (the "Underlying Actions") and that therefore (2) West Bend has no duty to defend or indemnify Athletika, Hazzard, or Cheboiywo against the claims asserted in the Underlying Actions. True and accurate copies of the operative complaints in the Underlying Actions are attached hereto as Exhibits A-E.

2

## PARTIES

2.     West Bend Mutual Insurance Company is a Wisconsin citizen and an insurance company organized under the laws of the State of Wisconsin, with its principal place of business located in the City of West Bend, Washington County, Wisconsin.

3.     Defendant Athletika Sports and Fitness LLC is a Michigan citizen and a domestic limited liability company organized under the laws of the State of Michigan with its principal place of business located in the City of Livonia, Wayne County, Michigan. Athletika's sole member is Matthew Hazzard, who is a Michigan citizen.

4.     Defendant Matthew Hazzard is a Michigan citizen residing in the City of Livonia, Wayne County, Michigan.

5.     Defendant Boaz Cheboiywo is a Michigan citizen residing in the Village of Baraga, Baraga County, Michigan.

6.     Defendant Michael Knight ("Knight") is a Michigan citizen residing in Canton Township, Wayne County, Michigan with minor children CK and VK. Michael Knight individually, as Personal Representative of the Estate of Christen Knight, and as Next Friend to CK and VK, minor children, is the Plaintiff in Washtenaw County Case No. 210000845-NI, one of the Underlying Actions.

7.     Defendant Encore Service Group, LLC ("Encore") is a Michigan citizen and a limited liability company with its principal place of business located in

the City of Livonia, County of Wayne, Michigan. Encore is the Third Party Plaintiff in Wayne County Case No. 21-008151-CZ, one of the Underlying Actions. Encore's members are Michael Mies and Waldek Raczkowski, a/k/a Waldemar Raczkowski, both citizens of Michigan.

8.      Defendant Statia Hamilton ("Hamilton") is a Michigan citizen residing in the City of Belleville, County of Wayne, Michigan with minor children JH, KH, MH, and SC. Statia Hamilton individually and as Next Friend to JH, KH, MH, and SC, minor children, is the Plaintiff in Washtenaw County Case No. 21-000407-NI, one of the Underlying Actions.

## JURISDICTION AND VENUE

9.      This court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     This Court has power to grant the relief sought by West Bend under 28 U.S.C. § 2201.

11.     Venue is proper in this judicial district pursuant 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## BACKGROUND

12.     The Underlying Actions arise from an April 9, 2021 motor vehicle accident near Ypsilanti, Michigan. Cheboiywo was allegedly travelling eastbound

on US-12 and Ms. Christen Knight was travelling westbound on US-12 when Cheboiywo collided into Ms. Knight's vehicle, causing fatal injuries to Ms. Knight and serious injuries to passengers in a second vehicle driven by Hamilton.

13.    On April 20, 2021, Hamilton, individually and as next friend for four minor children, filed Case No. 21-000407-NI in Washentaw County, Michigan. On August 9, 2021, Knight, individually, as personal representative for the Estate of Christen Knight, and as next friend for two minor children, filed Case No. 21-000845-NI in Washtenaw County, Michigan.

14.    These two actions allege, *inter alia*, that Cheboiywo's negligence caused fatal injuries to Ms. Knight and serious injuries to Ms. Hamilton and four minor children. They also allege that Cheboiywo was in the course and scope of his employment with Hazzard, Athletika, and/or Encore at the time of the accident and that therefore, Hazzard, Athletika, and/or Encore are liable for Cheboiywo's negligence by virtue of *respondeat superior* or vicarious liability. Hamilton and Knight further allege claims against Hazzard and Encore under theories of owner's liability and negligent entrustment, claiming that Hazzard and/or Encore owned the vehicle involved in the accident and negligently entrusted it to Cheboiywo. Ex. A, ¶¶ 43, 58, 78, 87, Ex. B. ¶¶ 77, 97, 105.

15.    On September 9, 2021, Encore filed a third-party complaint against Hazzard and Athletika in Wayne County Case No. 21-012955-CK, alleging claims of vicarious liability, owner's liability, and negligent entrustment similar to those in

HB: 4881-7487-6694.4

the actions filed by Hamilton and Knight, as well as breach of contract. Encore's breach of contract allegations against Hazzard and Athletika do not include claims for coverage under West Bend's Policy. *See generally* Ex E.

16.    West Bend issued Commercial Lines Policy No. A23449404 to Athletika Sports and Fitness for the policy period of January 25, 2021 to January 25, 2022 (the "Policy"). A true and accurate copy of this policy is attached hereto as Exhibit F.

17.    Hazzard and Athletika tendered the defense of the Underlying Actions to West Bend.

18.    West Bend agreed to provide a defense to Hazzard and Athletika, subject to a complete reservation of rights.

19.    Cheboiywo has not tendered the defense of the Underlying Actions to West Bend.

20.    Two of the Underlying Actions, the Washtenaw County cases, have been consolidated for purposes of discovery and case evaluation only.

21.    All of the Underlying Actions remain pending and discovery is ongoing.

22.    West Bend now seeks declaratory judgment that the Policy does not provide coverage to Defendants Athletika, Hazzard, or Cheboiywo for the claims asserted in the Underlying Actions and therefore, West Bend has no duty to defend

or indemnify Defendants Athletika, Hazzard, or Cheboiywo against the claims asserted in the Underlying Actions.

23.　　An actual controversy has arisen and now exists concerning West Bend's coverage obligations under the Policy, which merits a determination of the rights of the parties by this Court pursuant to 28 U.S.C. § 2201.

**<u>THE WEST BEND POLICY</u>**

24.　　The Policy contains a Commercial General Liability coverage form which provides in relevant part as follows:

**COMMERCIAL GENERAL LIABILITY
COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.　　Insuring Agreement**

　　　**a.**　　We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\*\*\*

7

2.      **Exclusions**

This insurance does not apply to:

\*\*\*

g.      **Aircraft, Auto or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto", or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto", or watercraft that is owned or operated by or rented or loaned to any insured.

\*\*\*

**SECTION II - WHO IS AN INSURED**

\*\*\*

**1.**  If you are designated in the Declarations as:

\*\*\*

d.  An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders

8

are also insureds, but only with respect to their liability as stockholders.

***

2. Each of the following is also an insured:

   a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than your executive officers (if you are an organization other than a partnership, joint venture, or limited liability company) or managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

(Ex. F, West Bend Policy)

## **FIRST CLAIM**

25.     West Bend realleges and incorporates by reference Paragraphs 1-24 of its Complaint for Declaratory Judgment.

26.     The Policy provides coverage only for the named insured or insureds as defined by the Policy.

27.     The named insured is Athletika. The Policy provides coverage to individuals only with respect to the conduct of the Athletika's business or with respect to an individual's duties as an officer or director of Athletika.

28.     Hazzard is the owner of named insured Athletika. However, he does not qualify as an insured under the Policy with respect to the claims asserted in the Underlying Actions because his alleged liability did not arise from the conduct of

9

Athletika's business or from his duties as an executive officer or director of Athletika. Any liability against Hazzard arose in his personal capacity.

29.     West Bend therefore does not have a duty to defend or indemnify Hazzard against the claims asserted in the Underlying Actions.

## SECOND CLAIM

30.     West Bend realleges and incorporates by reference Paragraphs 1-29 of its Complaint for Declaratory Judgment.

31.     The Policy provides coverage only for the named insured or insureds as defined by the Policy.

32.     The named insured is Athletika. The Policy provides coverage to the employees of Athletika only for acts within the scope of their employment by Athletika or while performing duties related to the conduct of Athletika's business.

33.     Cheboiywo is an employee of named insured Athletika. However, he does not qualify as an insured under the Policy with respect to the claims asserted in the Underlying Actions because his alleged negligence did not arise from acts within the scope of his employment with Athletika or while performing duties related to the business of Athletika.

34.     West Bend therefore does not have a duty to defend or indemnify Cheboiywo against the claims asserted in the Underlying Actions.

## THIRD CLAIM

10

35. West Bend realleges and incorporates by reference Paragraphs 1-34 of its Complaint for Declaratory Judgment.

36. The Commercial General Liability coverage form of the Policy contains an "Aircraft, Auto and Watercraft" exclusion, which precludes coverage for "bodily injury" arising out of the ownership, maintenance, use or entrustment to others of any "auto" owned or operated by or rented or loaned to any insured.

37. Although the claims alleged in the Underlying Actions arise out of a motor vehicle accident, the involved automobile was not owned or operated by or rented or loaned to Athletika or Hazzard or any insured.

38. As alleged in West Bend's First and Second claims herein, neither Hazzard nor Cheboiywo qualify as an insured under the Policy for the claims alleged in the Underlying Actions.

39. Even assuming, *arguendo*, that Hazzard and/or Cheboiywo qualify as insureds under the Policy, and that the involved vehicle was owned or operated by Hazzard or Cheboiywo, the "Aircraft, Auto and Watercraft" exclusion would apply to preclude coverage to Hazzard and Cheboiywo.

40. Similarly, Athletika did not own the vehicle involved in the accident that is the subject of the Underlying Actions.

41. Even assuming, *arguendo*, that the involved vehicle was owned by Athletika, the "Aircraft, Auto and Watercraft" exclusion would apply to preclude coverage to Athletika.

HB: 4881-7487-6694.4

42.     The Policy therefore does not provide coverage to any insured for the claims alleged in the Underlying Actions.

43.     West Bend therefore does not have a duty to defend or indemnify Athletika, Hazzard, or Cheboiywo against the claims asserted in the Underlying Actions.

WHEREFORE, West Bend respectfully requests that this Court grant the following relief in its favor:

A.     Declare the Policy does not provide coverage to Athletika, Hazzard, or Cheboiywo for the claims asserted in the Underlying Actions and therefore, West Bend has no duty to defend or indemnify Athletika, Hazzard, or Cheboiywo in the Underlying Actions;

B.     Award West Bend its costs, disbursements, and fees as permitted by law; and

C.     Grant such other and further relief as the Court deems just and equitable.

12

Dated this 23rd day of March, 2022.                    Respectfully submitted,

                                                    *s/ Jason R. Fathallah*
                                                    Jason R. Fathallah (P70434)
                                                    HUSCH BLACKWELL LLP
                                                    511 North Broadway, Suite 1100
                                                    Milwaukee, WI  53202
                                                    Phone:  (414) 273-2100
                                                    Facsimile: (414) 223-5000
                                                    Email:
                                                    jason.fathallah@huschblackwell.com

                                                    *Attorneys for Plaintiff*
                                                    *West Bend Mutual Insurance*
                                                    *Company*

HB: 4881-7487-6694.4