UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEST BEND MUTUAL
INSURANCE COMPANY,

          Plaintiff,

                                    Civil Case No. 22-10600
   v.                              Honorable Linda V. Parker

ATHLETIKA SPORTS AND FITNESS,
LLC *et al.*,

          Defendants.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR ABSTENTION (ECF NO. 14)

This is a diversity action arising out of an insurance dispute. Plaintiff West Bend Mutual Insurance Company ("West Bend") filed its Complaint on March 23, 2022 seeking a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, for the following: (1) the insurance policy that West Bend issued to Defendant Athletika Sports and Fitness, LLC ("Athletika") does not provide coverage to Athletika, its owner, Defendant Matthew Hazzard ("Mr. Hazzard"), or Athletika's employee, Boaz Cheboiywo ("Mr. Cheboiywo"), for the claims asserted in four related matters pending in Washtenaw and Wayne counties (the "Underlying Actions"); and (2) that West Bend has no duty to defend or indemnify Athletika, Mr. Hazzard, or Mr. Cheboiywo against the claims asserted in the

Underlying Actions.  (ECF No. 5 at Pg ID 409.)  The matter is pending before the

Court on Defendant Michael Knight's ("Mr. Knight") motion for abstention,

requesting this Court to decline jurisdiction in favor of this action being heard by

the Wayne County Circuit Court.  (ECF No. 14 at Pg ID 838.)  The matter is fully

briefed.  (ECF Nos. 24, 25, and 27.)  For the reasons stated hereafter, the Court is

denying Mr. Knight's motion for abstention.

## BACKGROUND

The Underlying Actions arise from an April 9, 2021 motor vehicle accident

involving Mr. Cheboiywo near Ypsilanti, Michigan.  (ECF No. 5 at Pg ID 410.)

While driving with a blood alcohol level of 0.26%, Mr. Cheboiywo caused a multi-

car crash killing 38 year-old Christen Knight and injuring Defendant Statia

Hamilton ("Ms. Hamilton") and four minor children.  (ECF No. 14 at Pg ID 848.)

Mr. Cheboiywo was charged under Michigan law with operating a vehicle while

intoxicated causing death, where he was convicted and is now incarcerated in the

Michigan Department of Corrections.  (ECF No. 14 at Pg ID 848.)

## I. Underlying State Court Actions

### A. The Tort Actions

In August 2021, Mr. Knight, on behalf of the estate of Christen Knight, filed

a tort action in the Washtenaw County Court.  (ECF No. 5-1.)  In October 2021,

Ms. Hamilton filed a similar tort action in the Washtenaw County Circuit Court.

(ECF No. 5-2.)  The two cases have been consolidated for purposes of discovery and case evaluation.  (ECF No. 5 at Pg ID 412.)  Both lawsuits named Mr. Cheboiywo, Mr. Hazzard, Athletika, and Defendant Encore Service Group, LLC ("Encore") as defendants and alleged at the time of the accident, Mr. Cheboiywo was operating the vehicle in the course and scope of his employment with Mr. Hazzard, Athletika, and Encore.  (ECF No. 5 at Pg ID 411; ECF No. 14 at Pg ID 850.)  Accordingly, Ms. Hamilton and Mr. Knight allege claims of negligence via respondeat superior against Defendants Athletika and Mr. Hazzard, and additional claims of owner's liability and negligent entrustment against Mr. Hazzard and Encore.  (ECF No. 5 at Pg ID 411.)

### B.   The Declaratory Judgment Actions

As a result of the Underlying Action,  Encore tendered the lawsuits for defense and indemnity to insurers Employers Mutual Casualty Company ("EMC"), National Indemnity Company ("National Indemnity"), and Gen Star Indemnity Company ("Gen Star").  (ECF No. 14 at Pg ID 850.)  Mr. Hazzard and Athletika tendered the lawsuits to MEEMIC Insurance Company ("MEEMIC") and Plaintiff West Bend.  (ECF No. 14 at Pg ID 850.)  National Indemnity declined coverage, and EMC, MEEMIC, and West Bend have defended Encore, Mr. Hazzard, and Athletika under a reservation of rights.  (ECF No. 14 at Pg ID 850.)

In the Underlying Actions, there is a question about the ownership of the vehicle and consequently which insurance policies covered the vehicle at the time of the crash. (ECF No. 14 at Pg ID 850.) As a result, MEEMIC filed an action in Wayne County Circuit Court seeking a declaratory judgment that their policy does not cover the incident. (ECF No. 5-3; ECF No. 14 at Pg ID 850.) Encore disputes this, and filed a counterclaim and third-party complaint seeking, in relevant part, a declaratory judgment that there is coverage for the incident under MEEMIC's policy. (ECF No. 5-5; ECF No. 14 at Pg ID 850.) Next, National Indemnity filed an action in Wayne County Circuit Court seeking a declaratory judgment that there is no coverage for the incident under their policy. (ECF No. 5-4; ECF No. 14 at Pg ID 850.) The declaratory judgment matters have been consolidated. (ECF No. 14 at Pg ID 851.)

### C.   Federal Court Action

West Bend now seeks declaratory judgment that their policy does not provide coverage to Defendants Athletika, Mr. Hazzard, or Mr. Cheboiywo for the claims asserted in the Underlying Actions and therefore, West Bend has no duty to defend or indemnify Athletika, Mr. Hazzard, or Mr. Cheboiywo. (ECF No. 5 at Pg ID 412-413.) Specifically, West Bend raises three claims: (1) Mr. Hazzard is not covered under the insurance policy with respect to the Underlying Actions; (2) Mr. Cheboiywo is not covered under the insurance policy with respect to the

4

Underlying Actions; and (3) the West Bend Policy contains an "Aircraft, Auto, and Watercraft" exclusion clause, "which precludes coverage for 'bodily injury' arising out of the ownership, maintenance, use, or entrustment to others of any 'auto' owned or operated by or rented or loaned to any insured." (ECF No. 5 at Pg ID 417, ¶ 36.).

## APPLICABLE LAW & ANLYSIS

The Declaratory Judgment Act provides that courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Exercise of jurisdiction under the Declaratory Judgment Act is not mandatory. *See Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 812 (6th Cir. 2004) (citing *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494 (1942)). To determine whether to exercise jurisdiction under the Declaratory Judgment Act, the Sixth Circuit considers the following five factors:

> (1) [W]hether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

5

*Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). "District courts must be afforded substantial discretion to exercise jurisdiction 'in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and [the] fitness of the case for resolution, are peculiarly within their grasp.'" *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995)).

Mr. Knight maintains that there are issues of fact to be decided in the Underlying Actions that this Court will have to delve into in order to determine issues in this case—specifically, who owned the vehicle at the time of the accident and whether Defendant Mr. Cheboiywo was acting in the course of his employment at the time of the crash—and as such, the Court should abstain from hearing this action. (ECF No. 14 at Pg ID 852.)   For the sake of judicial efficiency and consistency in rulings, Mr. Knight argues this Court should either dismiss the action or remand it to the Wayne County Circuit Court so that it can be considered alongside the other underlying declaratory actions. (ECF No. 14 at Pg ID 839-40.)   Encore filed a concurrence with this sentiment. (ECF No. 24.) However, West Bend maintains that granting the motion would "cause West Bend to litigate its narrow coverage issues together with other insurers who issued policies to different insureds with different policy language, causing substantial

6

risk of inefficiency and confusion of the issues."  (ECF No. 25 at Pg ID 1230.)
The Court agrees with West Bend.

As noted, West Bend seeks declaratory judgment that (1) the insurance
policy that West Bend issued to Athletika does not provide coverage to Athletika,
Mr. Hazzard, or Mr. Cheboiywo for the claims asserted in the Underlying Actions;
and (2) that West Bend has no duty to defend or indemnify Athletika, Mr. Hazzard,
or Mr. Cheboiywo against the claims.  (ECF No. 5 at Pg ID 409.)  Ultimately,
West Bend seeks a determination that it has no duty to defend or indemnify,
despite alleging other claims that lead to the same conclusion.  This is evident
where West Bend notes the following: "Even assuming, *arguendo*, that Hazzard
and/or Cheboiywo qualify as insureds under the Policy, and that the involved
vehicle was owned or operated by Hazzard or Cheboiywo, the 'Aircraft, Auto and
Watercraft' exclusion would apply to preclude coverage to Hazzard and
Cheboiywo." (ECF No. 5 at Pg ID 417 ¶ 35.)

Based on a plain reading of West Bend's insurance policy, the Court
believes that it can reach a decision about the duty to defend or indemnify without
the need to discuss who owned the vehicle at the time of the accident or whether
Mr. Cheboiywo was acting in the course of his employment at the time of the
crash.  The Court agrees with Mr. Knight that deciding these discrete issues would
certainly "inquire into matters being developed through state court discovery,"

7

ECF No. 14 at Pg ID 852, which would be inappropriate.  *See Flowers*, 513 F.3d at 560 (citing *Travelers Indem. Co. v. Bowling Green Pro. Assocs., PLC*, 495 F.3d 266, 272 (6th Cir. 2007)) (noting that exercising jurisdiction is inappropriate in cases where the "resolution of the issue raised in federal court will require making factual findings that might conflict with similar findings made by the state court.") A determination of whether Mr. Cheboiywo was acting in the course of his employment when the accident occurred would undoubtedly effect, or potentially be in direct conflict with the state court proceedings.  As such, the Court finds it unnecessary to engage in an analysis of the *Grand Trunk* Factors because a decision in this case is not premised upon, nor will it require, deciding issues pending in the Wayne County or Washtenaw County Circuit Courts: a simple interpretation of the West Bend Policy will be sufficient.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Abstention is **DENIED.**

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: March 6, 2023